Monday December 10, 2018

Hon. Madeline Cox Arleo
United States District Judge
District of New Jersey
M.L King Jr., Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07101.

**Via Regular Mail**

Re: *United States v. Richard Adebayo* **(15-550 (MCA))**
**Supplemental – STA Informative Calendar**

Dear Judge Arleo,

Please accept this supplemental letter brief as to the STA Informative Calendar previously submitted to the Court. See Dkt. 108.  There are additional STA non-excludable period and an ends-of-justice continuance granted on improper basis which the defendant believe must be raised and addressed before the court to preserve his right.

## Legal Argument

I.    May 1 and 16, 2018 Motions

Third Circuit in United States v. Felton, 811 F.2d 190, 197 (3d Cir. 1987) (precedential) observed and applied that only thirty days are excludable when defendant file a motion that is pending, unopposed and unresolved for several months pursuant to 18 U.S.C. § 3161(h)(1)(H) and held that pretrial motions are included within the scope of subsection (H). *id.*

More recently in United States v. Greer, 527 Fed. Appx. 225, 230 (3d Cir. 2013), vacated on other grounds, 134 S. Ct. 1875, 188 L. Ed. 2d 905 (2014), Third circuit applied the thirty days limitation to *Greer's* motion for Jencks that was pending before the district court for several months

1

pursuant to *Felton*.  ("In light of *Felton*, we will assume that only thirty days were properly excludable as a result of Greer's Jencks request".) *id*.

Other Courts facing similar situation within our circuit and others have applied this principle. See United States v. Brown, 2009 U.S. Dist. LEXIS 71043, 52 V.I. 713-714 (D.V.I. 2009), *affirmed*, 404 Fed. Appx. 665 (3rd Cir. 2010) ("The fact that a motion is pending or is otherwise unresolved, does not toll the Speedy Trial Clock"); See also United States v. Johnson, 29 F.3d 940, 945 (5th Cir. 1994) (relying on same subsection to conclude that only thirty days are excludable when defendant moved to suppress evidence and neither party filed additional materials).

The Defendant's motion to dismiss the indictment with prejudice ("the motion") was filed on May 1, 2018 and the government's was duly served on the same date. See Dkt. 95.  The Government also improperly relied on the pendency of the motion as justification for further delay in its May 16, 2018 continuance motion but still failed to respond to the motion. The Defendant's motion to dismiss did not request a hearing and properly set forth the basis for which relief may be granted.  The motion has since been pending for over eight months, unaddressed by the government and unresolved by the Court, similar to the pending severance motion in *Felton*.  Defendant submits to the Court that in the light of *Felton,* both May 1 and 16, 2018 motions are subject to subjection (H) thirty days excludable limit.

Pursuant to these authorities, the time periods from June 16, 2018 through July 17, 2018, 08/14/2018 through 09/23/2018 and November 15, 2018 through November 29, 2018 are non-excludable in the light of *Felton*.

## II.    April 11, 2018 Ends of Justice Continuance Order (Dkt 91)

On April 6, 2018, the Government filed a motion seeking an ends of justice tolling of the Speedy Trial Clock, the government sought that continuance because AUSA Erica Liu was previously scheduled to begin another trial in another matter in *United States v. Brandon McIntyre,* Crim No. 16-13 (KM). <u>See</u> Dkt. 90. This Court granted the motion on April 11, 2018. The *McIntyre* trial already ended on February 28, 2018 before the government's April 6, 2018 motion and can no longer serve any ends-of-justice purpose under the Speedy Trial Act as of April 11, 2018. Defendant submit to the court that the ends-of-justice continuance was erroneously granted on non-existent trial schedule conflict.

The Government also relied on its previous request for additional time to prepare for trial and continuity of counsel. There was no information in the motion to help the Court determine how much time the AUSA actually needed to prepare for trial and/or preparations she had already made, given that an ends of justice continuance was previously entered on December 18, 2017 through March 1, 2018 for effective preparation for trial and additional trial preparation time from March 1, 2018 until April 6, 2018. Without this information, the court adequately could not have determined whether denial of a continuance would have deprived the government of "continuity of counsel" and "reasonable time necessary for effective preparation," taking into account the exercise of due diligence and also avoid a miscarriage of justice 18 U.S.C. 3161(h)(7)(B) (i) and (iv), let alone whether the purported reasons for granting the continuance outweighed the best interests of the public and defendant in a speedy trial.

Simply identifying an event and adding the conclusory statement that event requires more time for counsel to prepare is not enough to support a continuance under (h)(7)(A). <u>See</u> Toombs, 574 F.3d

3

at 1271-72.  See also United States v. Watts, 2005 U.S. Dist. Lexis 22505, 47 V.I 562 n.5 (D.V.I

2005)("A court cannot simply rubber-stamp a government motion for a continuance and exclusion of

time by simply making an "ends of justice" finding..") citing United States v. Gonzales, 137 F.3d 1431

(10th Cir. 1998)(holding that a district court abused its discretion when it concluded that the interests of

justice would best be served by excluding time and continuing trial so that the government's counsel

could have more time to prepare without adequate inquiry required by the Act").  On this additional

grounds, defendant respectfully request that the April 11, 2018 order be vacated.


III.                              **Conclusion**

        Defendant submit to the Court that more than **209 non-excludable days** had elapsed

under the Speedy Trial Act.  The 70 days to bring the defendant to trial on all counts in the

original and superseding indictment had expired.

        Defendant also preserve his right to file motion to dismiss the indictment under the

Sixth Amendment pursuant to Barker v. Wingo, 407 U.S. 514 (1972) before trial.

        Below is an updated STA informative calendar for the court's consideration.


### NON-EXCLUDABLE DAYS FROM DATE OF INDICTMENT

10/20/2015                        (0 day elapsed, date of original indictment)

10/21/2015 through 10/31/2015     (11 days elapsed)

11/01/2015 through 12/1/2015      (30 days elapsed) (Arraignment day excluded)

| | |
|---|---|
| 06/29/2017 through 7/18/2017 | (10 days elapsed after 10 days transportation excluded) |
| 12/08/2017 through 12/17/2017 | (10 days elapsed) |
| 03/02/2018 through 04/05/2018 | (35 days elapsed) |
| 04/06/2018 through 04/30/2018 | (25 days elapsed under *Brooks*, 697 F.2d 517 (3d Cir. 1982) |
| 05/04/2018 | (Date of superseding indictment) |
| *06/16/2018 through 07/17/2018 | (32 days elapsed under *Felton* (3d Cir. 1987)) |
| 08/14/2018 through 09/23/2018 | (41 days elapsed under *Felton* and Appendix J ("the Plan")) |
| *11/15/2018 through 11/29/2018 | (15 days elapsed under *Felton* (3d Cir. 1987)) |
| | Total non-excludable days = **209** |

Respectfully Submitted,



Richard Adebayo
Defendant, *pro se*

## CERTIFICATE OF SERVICE

I, Richard Adebayo, Defendant, *pro se* hereby certify a true and correct copy of this **Supplemental –**

**STA Informative Calendar** has been provided by postage pre-paid United States Mail to AUSA Erica

D. Liu at the United States Attorney's Office for the District of New Jersey at 970 Broad Street,

Newark, New Jersey 07102.  A courtesy copy has also been mailed to the chambers of the Hon.

Madeline Cox Arleo.

<br>

Richard Adebayo
Defendant, *pro se*

Dated: December 10, 2018



Richard Adebayo (J2017-10595)
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105

**Office of the Clerk**
**United States District Court**
**District of New Jersey**
**M.L King Jr., Federal Building & Courthouse**
**50 Walnut Street**
**Newark, New Jersey 07101**

**LEGAL MAIL**