

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*  973-645-2700
*Newark, New Jersey 07102*

January 9, 2019

Hon. Madeline Cox Arleo
United States District Judge
District of New Jersey
Martin Luther King Bldg & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    <u>United States v. Richard Adebayo</u>
                Criminal No. 15-550 (MCA)

Dear Judge Arleo:

      Please accept this letter brief in lieu of a formal response to defendant Richard Adebayo's September 24, 2018 Motion to Compel (Dkt. 105) and Motion to Suppress Arrest and Evidence (Dkt. 105).  With respect to defendant's multiple Motions to Dismiss the Indictment (Dkts. 95, 106, 108, and 112), and defendant's new December 20, 2018 Motion to Suppress Statements, the Government respectfully requests guidance regarding the timing of its response.

      On November 30, 2018, the parties appeared before the Court for a status conference to address pending pre-trial motions and to set a trial date.  During the status conference, the Court set the following briefing schedule for pre-trial motions: Government to file a response to the defendant's then pending motions by December 20, 2018 and defendant to file any reply within two weeks (by January 3, 2019).  At the time of the status conference, the following pre-trial motions were pending:

- Motion to Dismiss, filed on May 1, 2018 (Dkt. 95)
- Motion to Compel, filed on September 24, 2018 (Dkt. 105)
- Motion to Suppress Arrest and Evidence, filed on September 24, 2018 (Dkt. 105)
- Motion to Dismiss, filed on October 15, 2018 (Dkt 106)

On December 6, 2018, defendant filed a supplemental letter to his Motions to Dismiss (Dkt. 108). On December 20, 2018, before the Government could file a response to the pending motions, the defendant filed another supplemental letter to his Motions to Dismiss (Dkt. 112) and a new Motion to Suppress Statements (Dkt. 110).

In defendant's two supplemental letters (Dkts. 108 & 112), defendant raises additional arguments to his Motions to Dismiss. Additionally, on or about January 8, 2019, the defendant informed the Government that he intends on filing another Motion to Dismiss the Indictment, but this time alleging a violation of his Sixth Amendment right to a speedy trial. To date, defendant has not filed such motion.

The defendant continues to file new motions and supplement his already filed motions, and the Government respectfully requests the Court to set a new briefing schedule and/or a date to which defendant must file all pre-trial motions.

Finally, the Government respectfully requests that the Court accept this untimely letter brief in support of the Government's objection to defendant's Motion to Compel (Dkt. 105) and Motion to Suppress Arrest and Evidence (Dkt. 105).

### Motion to Compel-Filed September 24, 2018 (Dkt. 105)

Defendant's Motion to Compel, filed on September 24, 2018 (Dkt. 105) should be dismissed because the defendant is seeking to compel the Government to respond to a subpoena served on Russell Stidolph allegedly on August 8, 2018. Mr. Stidolph is a victim in the present matter—not a Government employee or entity. Prior to defendant's filing of this motion, the Government had no knowledge that the defendant served Mr. Stidolph with a subpoena for documents. Regardless, even if the Government knew or should have known about the subpoena, the Motion to Compel must be filed against Mr. Stidolph and not the Government.

### Motion to Suppress Arrest and Evidence-Filed on September 24, 2018 (Dkt. 105)

Defendant's Motion to Suppress Arrest and Evidence, filed on September 24, 2018 (Dkt. 105), is duplicative and has already been addressed by the Court on at a hearing on December 8, 2017. Again, similar to his previous motions, *see* Motion to Suppress, filed February 2, 2016 (Dkt. 45) and Omnibus Motions, filed September 22, 2017 (Dkt. 66), defendant argues that law enforcement did not have probable cause to arrest him on April 1, 2018. The Court has already ruled on this issue. Therefore, the defendant's Motion

to Suppress Arrest, filed on September 24, 2018, must be denied, and the defendant should be barred from filing a subsequent motion on this issue.

In defendant's Motion to Suppress Arrest and Evidence, filed on September 24, 2018, the defendant also challenges that the search warrants for an Apple laptop and flash drive recovered during his arrest were not supported by probable cause. Defendant is not entitled to a *Franks* hearing because he fails to carry his burden of identifying a false statement or omitted fact in the affidavit of probable cause underlying his arrest warrant.

Defendant is not entitled to a *Franks* hearing because he cannot satisfy the two-part test that is a prerequisite for such a hearing. In *Franks*, the Supreme Court held that, in limited scenarios, "a criminal defendant has the right to challenge the truthfulness of factual statements made in an affidavit of probable cause supporting a warrant subsequent to the ex parte issuance of the warrant." *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006). This procedure, now referred to as a *Franks* hearing, "allow[s] a defendant to overcome the general presumption that an affidavit of probable cause supporting a search warrant is valid." *Id.* Critically, though, "the right to a *Franks* hearing is not absolute." *United States v. Pavulak*, 700 F.3d 651, 665 (3d Cir. 2012). Rather, a defendant who seeks to suppress evidence on the ground that the affiant misstated facts in the probable cause affidavit bears a heavy burden. *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978).

First, the defendant must "make a substantial preliminary showing that the affiant knowingly or recklessly included a false statement in or omitted facts from the affidavit." *Pavulak*, 700 F.3d at 665 (internal quotation marks omitted); *see also Franks*, 438 U.S. at 171-72. "In order to make this preliminary showing, the defendant cannot rest on mere conclusory allegations or a mere desire to cross-examine, but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses." *Yusuf*, 461 F.3d at 383 n.8 (internal quotations marks omitted). Second, the defendant must "demonstrate that the false statement or omitted facts are necessary to the finding of probable cause." *Pavulak*, 700 F.3d at 665 (internal quotation marks omitted). Defendant has failed to meet this heavy burden, and consequently, his request for relief should be denied.

Defendant seeks a *Franks* hearing claiming that there was no evidence that the laptop depicted in the Gucci store video surveillance is the same laptop recovered from his person when arrested. Additionally, he claims that the search warrant for the flash drive was unsupported by probable cause because the Gucci store video surveillance did not capture him using a flash drive.

Defendant's arguments are without merit. First, he has not made a substantial preliminary showing that the affiant knowingly or recklessly included a false statement in or omitted facts from the search warrant affidavit. In fact, the Government submits that the laptop computer depicted in the Gucci store video surveillance clearly shows a laptop consistent with the one recovered from defendant.  A silver-colored laptop along with what appears to be a white-colored logo (consistent with the Apple logo on an Apple laptop) on the cover of the laptop is clearly depicted in the Gucci store video surveillance, which is consistent with the Apple laptop recovered at arrest.  Additionally, there is no requirement that the Gucci store video surveillance depict defendant using a flash drive.  It is sufficient to show that defendant uses electronic devices to commit the charged offenses.  None of these claimed errors demonstrate that the affiant, Special Agent Ricky Miller, knowingly or recklessly included a false statement in, or omitted facts from, the search warrant affidavit.  Accordingly, defendant's request for a *Franks* hearing must be denied, and his Motion to Suppress Arrest and Evidence, filed on September 24, 2018, must be denied.

## **Conclusion**

For the reasons stated above, the Government respectfully requests that the defendant's Motion to Compel (Dkt. 105) and Motion to Suppress Arrest and Evidence (Dkt. 105) be denied, and that the Court set a new briefing schedule for the Motions to Dismiss and Motion to Suppress Statement (Dkt. 110) at the January 10, 2019 hearing.

Respectfully submitted,

CRAIG CARPENITO
United States Attorney


/s/ Erica Liu
By:  Erica Liu
Assistant U.S. Attorney


C: Christopher Adams, Esq.