Richard Adebayo
J2017-10595
Essex County Correctional Facility
354 Doremus Avenue
Newark, New Jersey 07105

January 21, 2019

**Via Office of the Clerk**

Honorable Madeline Cox Arleo
United States District Judge
Martin Luther king, Jr. Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:   <u>United States v. Richard Adebayo</u>
           Crim. No. 15-550

Dear Judge Arleo:

    I respectfully submit this letter in response to the Government's attempt to clarify the record. I strongly object, in no uncertain terms, to their end run around the law, in an effort to continue this case in clear violation of the Speedy Trial Act. The only thing in their letter motion with which I concur is that the Government is clearly confused about a myriad of issues in this case. Government's Letter Motion (hereinafter "Motion") of January 17, 2019 at 5 (Dkt.114).

    While the Government seeks to label this motion a "clarif[ication of] the record" it is clearly a motion to dismiss the indictment on speedy trial grounds. Id. at 1. It is not the title of a pleading but the substance which controls. See generally <u>U.S. v. Nelson</u>, 465 F.3d 1145 (discussing the titling of successive §2255 motions) (10th Cir. 2006).

    The Government concedes the Speedy Trial Act, in the instant matter, "was violated with respect to **all** charges in the Superceding Indictment" (emphasis added). Id.

    The Government speciously asserts they were both confused and unable to brief the Motions to Dismiss, relating directly to Speedy Trial Act issues, I submitted on May 1, 2018 (Dkt. 95) and October 15, 2018 (Dkt. 106). The Speedy Trial Act has been a continuous issue before this Court and is well known by the Government. In fact, the Government sought the Superceding Indictment in a direct effort to circumvent their

speedy trial violations. The Government complains of my filing of supplemental addendums to these motions and offers that as an excuse for not briefing the issue. The Government had a deadline of December 20, 2018. The Government filed no response until January 9, 2019. Letter Brief dated January 9, 2019 (hereinafter, "Response") (Dkt. 113). Further, the Government failed to address the Motion to Dismiss in that response. It merely sought guidance on when to respond. Id. at 1. The Government clearly understood this Court's order to respond to the then pending motions by December 20, 2018. Id. The Government however failed to do so and claimed it did not understand the Court would take up those motions on January 10, 2019.

I would point the Court to the Government's actions prior to the January 10 hearing as evidence of their dilatory conduct in an effort to continually violate the Speedy Trial Act. The Government moved for the hearing to be continued until January 10. On January 8 and January 9, the Government initiated pela discussions with me. I refused all offers of a plea agreement as I have continuously done since the inception of this case. It was only after I again refused the pela offers that the Government filed the response. The Government never intended to file a response and has known the Speedy Trial Act has been violated. The Government sought to induce a plea and make this case go away. It is not going away; the Court has set trial for February and I fully assert my right to a speedy trial under the Speedy Trial Act and the Sixth Amendment to begin trial at that time. I vehemently object to any additional continuances. Enough is enough. The Government seems to be confused that they will have to try this case, or should I say should have tried this case as they now concede the Speedy Trial Act has been clearly violated, as I have asserted on numerous occasions, and the indictment must be dismissed.

The Government misleads the Court in stating that I will file a new Motion to Dismiss based on Sixth Amendment grounds, insinuating I have not raised that issue previously. My Motion to Dismiss filed October 15, 2018 (Dkt. 106) clearly states that I am asserting a Speedy Trial Claim under the Sixth Amendment. I am proceeding pro se and my pleadings must be liberally construed. Higgs v. AG of the United States, 655 F.3d 333 (3d Cir. 2011).

The facts of this case, as they stand in light of the Government's concessions are:

1. I filed Motions to Dismiss on speedy trial grounds on May 1, 2018 and October 15, 2018. (Dkt. 95, Dkt. 106).

2. I provided the Court with an updated non-excludable days chart showing 162 days which was filed on December 6, 2018 (two weeks before the Government's filing deadline). This was a one-page filing.

3. I supplemented those motions with a six-page filing which was filed on December 20, 2018 that included three and one-half pages of legal argument and a chart of

2

   the alleged non-excludable days pursuant to the Speedy Trial Act from the date of the indictment.
4. The Government failed to meet this Court's deadline of December 20, 2018 to respond to the then pending motions.
5. The Government engaged in plea negotiations with me on January 8 and 9, 2019 in an effort to resolve this matter.
6. The Government filed its untimely response to the December 20, 2018 deadline on January 9, 2018 after concluding its unsuccessful plea negotiations with me. Dkt. 113.
7. This Court heard the motions on January 10, 2018 as noticed to the parties and entered into ECF on January 2 and 3, 2019.
8. This Court, after hearing extensive argument from the Government asserting that the Speedy Trial Act violations asserted by me were without merit, **denied** my motions to dismiss.
9. This Court's Order was entered on the record in open court from the bench.
10. The Government filed its Motion seeking dismissal of the Superceding Indictment and conceding Speedy Trial Act Violations on January 17, 2019. Dkt. 113.

**I.     The Government's Letter of Clarification (i.e. motion) in reference to the violations of the Speedy Trial Act.**

An aggrieved party may seek reconsideration from the court issuing the order. L.Civ.R. 7.1(i). L.Civ.R. 7.1(i) is applicable to criminal cases in this district pursuant to L/Crim.R. 1.1.

Further, a criminal defendant has no right to interlocutory appeal. A criminal defendant must utilize a direct appeal or collateral remedies after a judgment and conviction has been entered. United States v. Roland, No. 12-298 (ES), 2016 U.S. Dist. LEXIS 26204 (D.N.J. Mar. 1, 2016). As the aggrieved party in this Court's Order denying my Motions to Dismiss, I could seek reconsideration. I did not. The Government, after extensive argument, prevailed on the Motion and this court **denied** the motions in their entirety.

It is also clear by the Government's actual adherence to the local rules that they know this is their motion to dismiss. Only a party filing a motion is required to submit a proposed order. L.Civ.R. 7.1(e), incorporated by L.Crim.R. 1.1. I failed to include a proposed order with my motion and the Court did not request one or order the Government to draft such order.

3

A prevailing party may defend a judgment, however there is no case law on point that the Government may take it upon itself to seek reversal on the defendant's behalf. Dimanche v. Tay-Taylor, 536 F. App'x 173 fn. 4 (3d Cir. 2013). The Government simply does not have standing at this point to seek reconsideration. Wheeler v. City of Lansing, 660 F.3d 931, 939-40 (6th Cir. 2011). Further, the United States Supreme Court's holding in Camreta does not provide such standing as a exemption to Wheeler. 131 S.Ct. 2020, 2028-29 (2011). This Court must dismiss the Government's motion.

The Government now concedes the Speedy Trial Act has been violated and that this Court and the Assistant United States Attorney were wrong in both the argument and outcome. It seeks to vitiate the Speedy Trial Act in tactics more reminiscent of Boston Legal and Ally McBeal than Perry Mason and Law & Order. It is clear the Government prevailed on the motion and only then decided it might be necessary to actually calculate the days which are not excluded from speedy trial calculations. The Government was on clear notice from my October 15 and December 6 filing that I was asserting the Speedy Trial Act had been violated. In fact, the December 6 filing provided them a chart of the days I believed to be non-excludable some two weeks prior to the deadline for response.

I reinforced those motions in a supplemental filing on December 26, not December 20, 2018. The December 26 supplemental filings neither raised new issues nor complex arguments that a Government attorney should have had any issue in responding to a pro se defendant. In fact, the Government was eloquent enough in its oral arguments to prevail on the motions and persuade this Court to deny them. Further, the clerk input the incorrect date of the motion in the ECF system. Page 7 of the filing in docket 112, is the supplemental filing in question. It is clear the postmark for that filing reads December 26, 2018. The Clerk's file stamp on the document is illegible. Therefore, the filing was made **after** the Government's deadline and the Government's contention that it played a part in their missed filing deadline is spurious and without a factual basis.

At oral argument on January 10, the Government failed to seek a continuance, which they are not afraid to do as evidenced by the record, to brief the alleged additional arguments I made and otherwise did not alert the Court that it was not ready for the hearing. The Court was clear, this matter has been pending far too long and it is now time to proceed to trial. The Court made abundantly clear the Government could not hang its Speedy Trial hat on my flight for eight months and that eight months did not counter the fact I have been incarcerated and available for trial for over eighteen months since that time.

The Government cannot now argue that it was remiss in its duties and erred through neglect in not presenting the factual basis of its arguments. If any conduct on the part of the Government warrants sanctions, it is the very conduct at issue here. Their attempt to "withdraw its opposition to the Defendant's motion to dismiss the Superceding Indictment" is too little, too late. The motion has been denied and the Government prevailed; they must now live with the consequences of their actions, no matter how ill-

4

prepared and malfeasant they were. They must suffer the consequences of the fraudulent argument they perpetuated upon this Court

## II.   Misleading statements in the Government's Motion

The Government contends it "initially opposed" my motion to dismiss and only now after reflection and calculation no longer opposes it. It did not initially oppose it, it opposed it all the way through hearing in which a final order of denial was rendered by this Court. That decision is final with respect to the Government and they have no standing to appeal.

The Government alleges that the 30-day time period for an indictment to be filed was tolled due to a co-defendant's fugitive status. Motion at 3, 5. This argument fails on two fronts. The Government has conceded this violation and it is the law of the case. Dkt. 48. The Government was well aware of Agbajaife's flight to avoid prosecution and was advised of such by TFO Yanes, acting in his capacity as an agent of Homeland Security, who sought a New Jersey state warrant for Agbajaife's arrest on May 30, 2014, one day prior to his scheduled departure from Atlanta, Georgia to Lagos, Nigeria. The Government failed to arrest Agbajaife. The Department of Homeland Security controls not only the Transportation Security Administration but also Immigrations and Customs Enforcement, they had the entire weight of the United States to bear on Agbajaife to effect his arrest prior to his successful flight to avoid prosecution. Again, the Government failed in its efforts.

The 30 days the Government seeks to exclude due to the co-defendant's fugitive status is subject to a reasonableness test. The Government cannot carry their burden as it is unreasonable to charge those days against my trial clock. As noted above the Government was on actual notice of Agbajaife's attempted, and ultimately successful, flight to avoid prosecution. Further, the Government has made no claim much less an actual showing that they were actively searching for Agbajaife at any point in 2014 or 2015.

Further, this District has rejected just such a pre-indictment application of §3161(h)(6) and found that such time was not excluded from the 30-day calculation. United States v. Hamerling, U.S. Dist. LEXIS 109391 (D.N.J. 2015); see also United States v. Hamilton, 46 F.3d 271 (3d Cir. 1995); United States v. Novak, 715 F.2d 810, 815 (3d Cir 1983).

The Government neglects to inform the Court that the Superceding Indictment also added Count 11, Aggravated Identity Theft. Motion at 4. Count 11 was alleged in the Criminal Complaint upon which I was arrested, however it was never indicted until the Superceding Indictment. A clear violation of the Speedy Trial Act which the Government fails to address. This count must also be dismissed.

5

The Government argues the "fair course of action is for the Court to grant the Defendant's motion to dismiss the Superceding Indictment." Motion at 5. The Court cannot grant that which has already been denied not withstanding a motion for reconsideration from the aggrieved party, myself. I have not sought and do not seek such reconsideration. Any grant of a motion to dismiss on speedy trial grounds is sought on the behalf of the Government as they are bringing this motion and I do not join it.

The Government, in a single instance in this issue, is clearly not confused as to the relevant law considering reindictment. They acknowledge, in a ploy for sympathy at their egregious transgressions in violating the Speedy Trial Act and presenting this Court with what they now admit was a fraudulent argument, they cannot seek a Superceding Indictment unless my motion was granted. My motion was **denied**. Again, to reiterate to the Government, the motion to dismiss was denied based on their argument and their argument alone. They have no standing to seek reconsideration, as argued above, and this ploy is in fact a motion to dismiss submitted by the Government. It is that simple. The Government's errors are numerous and while they may have at some point been unintentional, their most recent filing shows their strategic and tactical efforts to obtain this Court's acquiescence to their violations with a rubber stamp reversal to cover their misdeeds. The violations at this point are neither excusable nor unintentional.

## III.    The Charges Are (Not) Serious

The Government has engaged in plea negotiations with me on two separate occasions, in April of 2018 and January of 2019. In each instance they offered significantly reduced charges in exchange for a plea. Specifically, one offer of probation and one offer of time served on a 24-30 month sentence for a choice of charges ranging from FTA to misprision of a felony to structuring. I rejected each one. It is clear their plea negotiations do not reflect the alleged "seriousness" of the offenses and in reality, show that the Government does not consider the charges to be serious.

## IV.    Bad Faith by the Government

The Government has engaged in a pattern of neglect in this case. They failed to follow this Court's order to respond to the pending motions by December 20, 2018 and only did so after I again rejected their pela offers.

This case was previously set for trial and the Government at the last minute sought to supercede the original indictment in order to start a new speedy trial clock. Including a count which was clearly in violation of the Speedy Trial Act, to wit: Count 11.

The court-ordered continuances the Government sought to put into place were over my objection in the last year. The Government alleges that their army of lawyers could not respond timely and precisely to my pro se filings. Maybe the Government's attorneys should seek other careers if a pro se defendant can hamstring their

prosecutorial abilities. That argument should offend the senses of every person who sees it, including this Court.

## V.     Prejudice

The Government alleges that discovery is complete. This is untrue and is well known to the Government. They have failed to provide the original email allegedly received by Stidolph after a direct order of this Court. They have failed to provide a forensic report for the search warrants executed on various electronic devices and have further failed to provide an expert report for each of those forensic searches.

The Government alleges the weight of the evidence is overwhelming. The photograph and subsequent identification of me by mall personnel has been suppressed by this Court. The Government in hearings before this Court has admitted that the videos show me engaging in **no** illegal activity. All transactions were clearly completed by the co-defendant, Agbajaife. In fact, the arrest and searches conducted in this case have been the subject of various motions to suppress. My unwarned statements to law enforcement are subject to pending motions to suppress. The weight of the evidence is not overwhelming, also evidence by the plea offers of the Government. If the weight was overwhelming this case should have been tried three years ago.

The Government contends that no evidence has been lost. In fact, the Government has conceded it does not have and cannot find the original email allegedly sent from Stidolph to Yanes. Dkt. 72. A fact this Court accepted when ordering the Government to obtain the email directly from Stidolph and provide it to me. Further, the Government on several occasions has expressed uncertainty to this Court as to whether or not Stidolph would appear as a witness at trial. I have a right to face my accusers and Stidolph's non-appearance is clearly prejudicial and a violation of my rights. Another specious argument by the Government.

I subpoenaed two witnesses to testify on my behalf at trial, Olaitan Shittu and Kolade Agoro. They were subpoenaed for both the March 15 and May 15, 2018 trial dates. Both are now unable to be located. Both were material to my defense.

## VI.    Immigration Status

The Government makes conclusory and bald assertions that I would "likely" have been detained by Immigration authorities and will "likely" be removed due to a lack of legal status. They present nothing more. There are no affidavits or other indicia of reliability to these assertions. The Court cannot accept them as true or even as a likely possibility, they are simply unknown. However, the Speedy Trial Act and the Sixth Amendment make no provision or exception to my rights, my legal status is irrelevant. It is merely an attempt to justify the Government's outrageous conduct. The only thing

7

missing from in their plea for sympathy from this Court is a reference to the "border wall" and the "shutdown".

The reason for my loss of immigration status was the fact that I was detained and could not seek to renew my legal status.

### VII.   Mootness

The Government seeks to have this Court deny all pending motions as moot. The motions are not moot as the Court denied my motion to dismiss and this matter is proceeding to trial in two weeks. These motions must be addressed prior to trial.

The only way my pending motions are moot is if the Court grants the Government's motion to dismiss. In such a case the only manner for such a grant is upon the Government's motion as I have not sought and do not seek reconsideration. In that case, the motions are forever moot as the Government cannot seek reindictment.

### ARGUMENT

The Government's conceded speedy trial violations have occurred throughout this case. At the pre-indictment, indictment and superceding indictment stages.

I have been incarcerated since my return from California, some eighteen plus months. I have repeatedly and vociferously pursued a speedy trial and asserted my right to one throughout the proceeding. The circumstances given the Government's dilatory and improper conduct do not warrant dismissal without prejudice. They clearly warrant dismissal of all counts in both the Indictment and Superceding Indictment with prejudice. United States v. Vogl, 374 F. 3d 976, 983 (10th Cir. 2004).

I have repeatedly move for trial for the past eighteen months. In the Government's February 16, 2018 letter requesting adjournment (Dkt. 84) the request was for an open-ended continuance. The Court granted the continuance until May 15, 2018. I filed my timely objection after the Court had already granted the proposed order, which the Government attached in accord with local rules because their letter was in fact a motion, just as much as their current letter is a motion.

In July 2018 when I filed a bail motion (Dkt.102), I again asserted my request and right to a speedy trial. It is abundantly clear I have always zealously asserted my right to a speedy trial.

The Court has failed to address my motions and such failure has caused the Speedy Trial Act violations to occur. The Court has also failed to hold the Government accountable for their failure to bring this case to trial in a timely manner. Administrative oversight by the Court and the Government are not grounds for dismissal without

8

prejudice. In fact, they weigh against such dismissal and dismissal must be conditioned on the Government's motion with prejudice to seek reindictment.

## CONCLUSION

For the reasons set forth above, I respectfully request the Court:

1. Deny the Government's request to grant my motion to dismiss, as previously denied.

2. Issue finding of fact that the Speedy Trial Act has been violated and that such violations have been conceded by the Government.

3. Grant the Government's motion to dismiss on grounds the Speedy Trial Act has been clearly violated.

4. Dismiss the Indictment and Superceding Indictment with prejudice.

5. Order my immediate release form incarceration as it relates to this matter.

6. Initiate sanctions against the Government for their fraudulent arguments presented on the record to this Court.

7. Issue any and all other orders necessary in the interest of justice.

Respectfully,


Richard Adebayo
Defendant, pro se


C:   AUSA Sammi Malak
     Clerk of the Court


