UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 15-550 (MCA) |
| | : | |
| v. | : | Hon. Madeline Cox Arleo |
| | : | |
| RICHARD ADEBAYO | : | ORDER |

The United States, through Craig Carpenito, United States Attorney for the District of New Jersey (Erica Liu, Assistant United States Attorney, appearing), and defendant Richard Adebayo (appearing pro se with Christopher Adams, Esq., standby counsel, also appearing) have filed several motions now fully briefed since oral argument on January 10, 2019.  Those motions are:

1. the Government's motion for a continuance (ECF No. 99);

2. the Defendant's motions to dismiss the Indictment for Speedy Trial Act violations (ECF Nos. 95,106, 108);

3. the Defendant's motion to dismiss the Superseding Indictment for Speedy Trial Act violations (ECF Nos. 106, 108);

4. the Defendant's motion to compel issuance of a trial subpoena (ECF No. 105); and

5. the Defendant's motion to suppress his arrest and certain evidence (ECF No. 105).

And it appearing that the Court set oral argument for January 10, 2019, and by letter dated January 9, 2019 (ECF No. 113), the Government requested additional time to respond to defendant's filed motion

1

to dismiss the Indictment for STA violations and to set a new briefing schedule to respond;

Despite that objection, and given the impeding trial date of January 29, 2019, the Court allowed the government only an opportunity to orally respond to defendants' motion, and at the hearing orally denied defendant's motion to Dismiss on the STA issues;

After oral argument, by letter dated January 17, 2019 (ECF No. 114) and before a written order was entered, the government responded fully to defendant's motion and requested to withdraw its opposition to the Defendant's motion to dismiss the Superseding Indictment based on STA violations (ECF No. 106);

By letter dated January 21, 2019 defendant responded to the government's letter and again requested dismissal of the superseding indictment and again requested that such dismissal be with prejudice;

Having now fully considered the issue with the benefit of full briefing, this Court is satisfied that the STA was violated for every count in the Superseding Indictment because more than seventy days have elapsed since the Defendant's initial appearance on Counts One through Eleven (ECF No. 39) and more than seventy days have elapsed since the Defendant's initial appearance on Count Twelve (ECF No. 98);

And in making the determination as to whether dismissal should be with or without prejudice, the Court must consider the serious of the offense; the facts and circumstances which led to the dismissal; the impact of a re-prosecution on the administration of justice and whether defendant would be

2

prejudiced by the delay, <u>United States v. Taylor</u>, 487 US 326 (1988);

And it appearing that the offenses charged in the Superseding Indictment are all serious and carry significant potential prison terms;

And it further appearing that the STA violation did not result from any intentional dilatory conduct or pattern of neglect on the part of the Government but instead due to good faith confusion from the multiple motion filings and withdrawls of such motion by the defendant and ambiguities at to timing of same on the docket;

And it further appearing re-prosecution will not prejudice the administration of the STA or the administration of justice;

And it appearing that defendant has not suffered prejudice as his ability to prepare for trial has not been impacted by the delay and there is no claim that any witnesses who are currently unavailable were similarly not available after return of the superseding indictment;

The delay in scheduling a trial has resulted in part, from defendant's jumping bail and fleeing the jurisdiction of this court for a 9 month period and not only because of any STA violation;

This Court therefore GRANTS the Defendant's motion to dismiss the Superseding Indictment (ECF No. 106); and the Superseding Indictment (ECF No.96) is hereby DISMISSED WITHOUT PREJUDICE;

3

And for the reasons set forth on the record on January 10, 2019, this Court further DENIES AS MOOT the Defendant's motion to compel (ECF No. 105), his motion to suppress (ECF No. 105), the Government's motion to continue (ECF No. 99), and any other outstanding motions by either party.

So Ordered this ___ day of January, 2019

**Honorable Madeline Cox Arleo**
**United States District Judge**